UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| BENJAMIN CUNNINGHAM, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 19-cv-1267 (TSC) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Pending is Defendant's Motion to Dismiss Plaintiff's Complaint, ECF No. 15, which, for the following reasons, will be GRANTED.[1]

## I. BACKGROUND

Plaintiff Benjamin Cunningham has sued the Administrative Office of the United States Courts ("A.O."), several court officials in the United States Court of Appeals for the Second Circuit, and an Assistant United States Attorney in the Southern District of New York. *See* Am. Civil Rights Compl. Caption, ECF No. 8. He alleges that Defendants owe him money "because [they] have willfully refused to allow Plaintiff . . .

---

[1] Plaintiff, appearing *pro se*, did not file a cogent response to Defendant's motion to dismiss by the court-imposed deadline of December 6, 2019. *See* Oct. 31, 2019 Order. Instead, he has peppered the Clerk's Office with non-conforming documents, which the court has denied permission to file. *See* ECF Nos. 17, 19, 20, 21, 22; *cf.* ECF No. 12 (advising Plaintiff about his obligation to follow rules and orders of the court); ECF No. 13 (permitting non-conforming document to be filed with warning that no more submissions of that type will be allowed). Consistent with the warnings in the October 31, 2019 Order, the court will proceed without Plaintiff's response.

1

and all United States citizens into their Administrative Office of the United States Courts Government Office Building." Compl. at 1.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim" and "the grounds for the court's jurisdiction" so that a defendant has fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing cases). Rule 12(b)(6) permits a party to move for dismissal on the grounds that the complaint has failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## III. ANALYSIS

The court agrees that Plaintiff's prolix complaint fails generally to state a plausible claim for relief. *See* Def.'s Mem. at 1-2 (citing *Iqbal*, 556 at 678). However, an attachment to the Complaint suggests that Plaintiff is challenging the A.O.'s final denial of his tort claim for $25 million, which arose from his "litigation in federal court." A.O.'s May 1, 2019 Letter, ECF No. 8-1 at 1.

Under the doctrine of sovereign immunity, the United States may be sued only upon consent, which must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80, waives the United States' immunity as to certain enumerated claims for money damages, and as used in the FTCA, "the term 'Federal agency' includes . . . the judicial . . .branch[ ]." 28 U.S.C. § 2671. The United States may be held liable only "in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C § 2674, "in accordance with the law of the place where the act or omission occurred," *id*. § 2672. Immunity is not waived for a lawsuit based, as in this case, on "the failure of the United States to carry out a federal statutory duty in the conduct of its own affairs."[2] *Hornbeck Offshore Transp., LLC v. U.S.*, 569 F.3d 506, 510 (D.C. Cir. 2009) (citation and internal quotation marks omitted).

The A.O.'s May 1, 2019 denial of Plaintiff's tort claim is rationally explained and consistent with governing law. Notably, the A.O. determined that Plaintiff could not "prove any negligent or wrongful action on the part of a judicial officer or employee that could give rise to federal tort liability under state law." ECF No. 8-1 at 1 (citing 28 U.S.C. § 2672). Plaintiff's only discernible claim therefore fails. *See* 5 U.S.C. § 706 (authorizing courts to set aside a final agency action if, among other grounds, it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law").

---

[2] To the extent that Plaintiff's claim is based on the denial of his constitutional right of access to the courts, *see Broudy v. Mather*, 460 F.3d 106, 117 (D.C. Cir. 2006), the United States has not consented to be sued for damages based on constitutional violations. *FDIC v. Meyer*, 510 U.S. 471, 476-78 (1994).

3

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss will be GRANTED. A corresponding order will issue separately.

Date: April 3, 2020

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge